**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NARINDERJIT KAUR; KARAMJIT SINGH; NAVJOT KAUR, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, U.S. Attorney General, <br><br> Respondent. | No. 22-218 <br><br> Agency Nos.   A095-559-556 <br>                  A098-538-873 <br>                  A098-133-119 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023[**]
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and VRATIL,[***] District
Judge.

Petitioners Narinderjit Kaur (Kaur), Karamjit Singh (Singh), and Navjot

Kaur (Navjot) are natives and citizens of India. Kaur and Singh are spouses and

---

[*]      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathryn H. Vratil, United States District Judge for
the District of Kansas, sitting by designation.

Navjot is their adult daughter. They seek review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) adverse credibility determinations against Kaur and Singh.[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review adverse credibility findings for substantial evidence. *Singh v. Holder*, 638 F.3d 1264, 1268–69 (9th Cir. 2011). Under that standard, our "only question" is "whether *any* reasonable adjudicator" could have reached the same conclusion as the agency. *Garland v. Ming Dai*, 141 S. Ct. 1669, 1678 (2021); *see* 8 U.S.C. § 1252(b)(4)(B); *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013) ("Under the substantial evidence standard, an adverse credibility finding is conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." (internal quotation marks omitted)). Where, as here, the BIA "conduct[ed] its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (internal quotation marks omitted).

---

[1] The IJ pretermitted Kaur's application for a waiver of removability and, based on an adverse credibility determination, denied Kaur's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Kaur sought to include Singh and Navjot as derivative beneficiaries in her denied asylum application. Petitioners did not appeal the IJ's pretermission of their waiver application to the BIA, nor did they appeal a separate IJ decision finding them removable. Before this Court, Petitioners challenge only the adverse credibility determination underlying the BIA's denial of Kaur's asylum, withholding of removal, and CAT claims.

2

Substantial evidence supported the BIA's adverse credibility determinations. An adverse credibility determination may be based on the "responsiveness of the applicant or witness," "the consistency between the applicant's . . . written and oral statements," or "the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Alam v. Garland*, 11 F.4th 1133, 1135–36 (9th Cir. 2021). The BIA noted a significant discrepancy between Kaur's written asylum application and the testimony Kaur and Singh provided during their hearing before the agency in 2019. Specifically, Kaur wrote in her application and testified at the hearing that police officers came to their house while Singh was sleeping, interrogated him, and attempted to arrest him. Singh, meanwhile, testified that he managed to avoid interacting with the police altogether by fleeing the house before they arrived. The BIA observed that Kaur and Singh failed to explain the inconsistency and refused to answer questions about it. The BIA's decision reflects that it considered the appropriate statutory factors under a totality of the circumstances and reached a conclusion consistent with the evidence. *See Dong v. Garland*, 50 F.4th 1291, 1297 (9th Cir. 2022) ("Inconsistencies in an applicant's testimony may support an adverse credibility determination."); *Lalayan v. Garland*, 4 F.4th 822, 839 (9th Cir. 2021) (upholding adverse credibility finding based on noncitizen's "evasiveness and non-responsiveness").

We reject Petitioners' argument that the BIA upheld the IJ's adverse

3

credibility finding based on "speculation and conjecture." The BIA relied on the same inconsistencies identified by the IJ, which Petitioners declined to address at the agency's 2019 hearing.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in effect until issuance of the mandate.